IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re

MANUEL GALVEZ,

    Debtor

---

MANUEL GALVEZ,

    Plaintiff,

v.

BANK OF AMERICA, et al.,

    Defendants

                               /

No. 06-5294 MMC

Bankruptcy No. 06-30278 DM7
Adversary Proceeding No. 06-3107 DM

**ORDER GRANTING DEFENDANT BANK OF AMERICA CORPORATION'S MOTION FOR LIMITED WITHDRAWAL OF BANKRUPTCY REFERENCE; DIRECTIONS TO CLERK**

Before the Court is defendant Bank of America Corporation's ("Bank of America") motion, filed July 24, 2006 in the Bankruptcy Court, for withdrawal of the bankruptcy reference as it pertains to the above-referenced adversary proceeding. Plaintiff/debtor Manuel S. Galvez ("Galvez") filed, in the Bankruptcy Court, a statement of non-opposition. The Clerk of the Bankruptcy Court subsequently forwarded the matter to the District Court. See B.L.R. 5011-2(a). Having considered the papers filed in support of the motion, the Court rules as follows.

In the instant adversary proceeding, Galvez alleges two claims for relief. First, he

alleges defendants violated the automatic stay provisions of the Bankruptcy Code, see 11 U.S.C. § 362, and, second, he alleges defendants have engaged in debt collection practices that violate the Fair Debt Collection Practices Act ("FDCPA"), see 15 U.S.C. §§ 1692-1692o, as well as state law.

Bank of America moves to withdraw the reference as to such proceeding, pursuant to 28 U.S.C. § 157(d), which provides, in part, as follows:

> The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

See 28 U.S.C. § 157(d). This provision "mandates withdrawal in cases requiring material consideration of non-bankruptcy federal law." See Security Farms v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers, 124 F. 3d 999, 1008 (9th Cir. 1997) (emphasis in original). Here, Galvez's second claim will require material consideration of the FDCPA, a statute regulating an activity that affects interstate commerce, specifically, debt collection. See 15 U.S.C. § 1692(d) (providing "abusive debt collection practices . . . directly affect interstate commerce). Consequently, withdrawal is mandatory. See Security Farms, 124 F. 3d at 1008.

Accordingly, the reference will be withdrawn.

## CONCLUSION

For the reasons stated:

1. The motion to withdraw the reference is hereby GRANTED.

2. The Clerk of the District Court shall notify the Clerk of the Bankruptcy Court that the reference of the above-titled adversary proceeding has been withdrawn and direct the Clerk of the Bankruptcy Court to transmit the file forthwith to the Clerk of the District Court.

**IT IS SO ORDERED.**

Dated: September 29, 2006

MAXINE M. CHESNEY
United States District Judge

2